## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV03-06511 GHK(RZx) | Date | October 20, 2021 |
|---|---|---|---|
| Title | Darren Del Nero v. Riddle & Associates, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, Chief United States District Judge |
|---|---|

| D. Rojas | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order Granting In Part and Denying In Part Plaintiff's Application to File Under Seal

     Before the Court is Plaintiff Darren Chaker Del Nero's Application to File Under Seal (the "Application"), which was received on August 13, 2021. Dkt. # 15 ("*App.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **GRANTS IN PART** and **DENIES IN PART** the Application.

I.     Background

     In 2003, Plaintiff commenced this case against Defendants Riddle & Associates, PC, NCO Portfolio Management, Inc., and NCO Financial Systems, Inc. *See Complaint*, Dkt. # 1. A few months later, the case was dismissed with prejudice because the parties reached a settlement agreement. *See Order of Dismissal Upon Settlement*, Dkt. # 14. Plaintiff's submission of the Application at issue is the first action in the case since the case was dismissed in 2003.

II.     Legal Standard

     The party seeking to seal judicial records must demonstrate "compelling reasons" for doing so. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record . . . bears the burden of . . . meeting the 'compelling reasons' standard").[1]

---

[1] A different standard covers the "narrow range of documents" such as "grand jury transcripts" and certain "warrant materials" that "traditionally [have] been kept secret for important policy reasons." *Kamakana*, 447 F.3d at 1178. This standard is not relevant here. In addition, a different standard is applicable to protect "private materials unearthed during discovery,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV03-06511 GHK(RZx) | Date | October 20, 2021 |
|---|---|---|---|
| Title | Darren Del Nero v. Riddle & Associates, et al. | | |

This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

To overcome the presumption created by this common law right of access, a party seeking to seal judicial records must show "'compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal citation omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In general, "compelling reasons" may be shown where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

III.   Discussion

Plaintiff, who is appearing pro se, moves the Court to file the Application itself and the attached Ex Parte Motion to Seal Records (the "Motion") under seal in their entirety. *See generally App.* Plaintiff has carried his burden in showing that there is a compelling reason to seal his home and email addresses, as well as confidential documents and sealed court records. Yet, Plaintiff has not demonstrated a compelling reason to seal the other information contained in the Application and Motion, and, thus, filing the entire Application and Motion under seal is not warranted.

First, Plaintiff's assertion that filing the entire Application and Motion under seal is required because, in his Motion, he references and attaches what he asserts are confidential documents and sealed court records is not persuasive. Plaintiff's references to these documents and court records in his Motion are not so intertwined with his argument that filing a redacted version would not be feasible. Instead of filing the entire Motion under seal, a more reasonable approach that comports with the general history of access and the public policies favoring disclosure would be to file a redacted version that is available for public inspection, in addition to the unredacted version under seal. *See Del Nero v. NCO Fin. Sys., Inc.*, No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021) (noting that "where possible, parties

---

permitting a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pintos*, 605 F.3d at 678 (quoting Fed. R. Civ. P. 26(c)(1)). This standard is also not relevant here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV03-06511 GHK(RZx) | Date | October 20, 2021 |
|---|---|---|---|
| Title | Darren Del Nero v. Riddle & Associates, et al. | | |

should propose redactions, rather than placing a whole document under seal"), *reconsideration denied*, 2021 WL 3615904 (E.D. Pa. Aug. 12, 2021).

Second, Plaintiff has demonstrated that sealing his home and email addresses is necessary as revealing that information may put Plaintiff at risk of injury or harassment. Yet, Plaintiff has failed to demonstrate that shielding his name or participation in a specific state program from public view is necessary to protect him from injury or further harassment. Thus, Plaintiff has presented a compelling reason to seal his home and email addresses, but not the other information contained in his Application and Motion that he seeks to seal.

IV.  Conclusion

Accordingly, Plaintiff's Application is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** Plaintiff's Application as to Plaintiff's home and email addresses, as well as the alleged confidential documents and sealed court records and references to those documents and records. The Court **DENIES** Plaintiff's Application to the extent he seeks to file other portions of the Application and Motion under seal.

In accordance with the instructions in this Order, Plaintiff must submit redacted versions of the Application and Motion to be filed on the public docket. *See* L.R. 79-5.2.2(a). Instead of three days as provided in the Local Rules, *see id.*, Plaintiff shall submit redacted versions of the Application and Motion within 30 days from the date of this Order. Plaintiff's unredacted Application and Motion will remain on the docket under seal unless the Court orders otherwise. The Court will not consider the Motion unless Plaintiff timely files a redacted version that comports with this Order. *See id.*